OPINION OF THE COURT
Bertram R. Gelfand, J.
In this application seeking the appointment of a conservator, it is alleged that the proposed conservatee is the sole distributee and beneficiary of the estate of William F. Hill, her father, who died intestate on October 23, 1982, a domiciliary of Bronx County. At this juncture, except to the extent the instant proceeding may make reference thereto, no other proceedings have been commenced with reference to the estate of the proposed conservatee’s deceased father. Petitioner, who is a cousin of the proposed conservatee, indicates that appointment of a conservator is necessary in order for a legal representative of the sole person having a beneficial interest in decedent’s estate to achieve a status which will allow her to commence a proceeding for letters of administration in the estate of the proposed conservatee’s deceased father (SCPA 1001, subd 2).
The limited jurisdiction enjoyed by the Surrogate’s Courts in conservatorships is a product of relatively recent legislation (L 1981, ch 362, § 4, eff Sept. 1, 1981). At the *545 threshold, the instant matter raises a statutory construction question as to whether a Surrogate’s Court may entertain an application for a conservator prior to the commencement of an estate proceeding.
Subdivision 3 of section 77.01 of the Mental Hygiene Law provides as follows: “3 * * * in any proceeding in the surrogate’s court when it appears that a person interested in the estate is entitled to money or property as a beneficiary of an estate * * * and the person interested is a resident of the county in which the proceeding is pending and is one for whom a conservator may be otherwise appointed pursuant to subdivision one hereof, and the surrogate’s court is satisfied by clear and convincing proof of the need therefor, it shall have the power to appoint a conservator of the property for such person.” (See, also, SCPA 2220, subd 4.)
On its face, the above statute appears to portend that a Surrogate’s Court may not entertain an application to appoint a conservator except in relation to an already pending estate proceeding. However, such a narrow reading would totally disregard the salutary purpose of the amendment and place petitioner in a position where without her being appointed as conservator she cannot commence an estate proceeding and without an estate proceeding, she cannot avail herself of the provisions of subdivision 3 of section 77.01 of the Mental Hygiene Law. This was clearly not the intent of the Legislature in enacting this provision whose purpose was to avoid delay from the need to commence proceedings in different courts where a party interested in an estate resides in the county where the estate is pending and requires a conservator (see Milch, 1981 Supplementary Practice Commentary, McKinney’s Cons Laws of NY, Book 58A, 1982-1983 Pocket Part, SCPA 2220, subd 4). To conclude otherwise would require the unnecessary burden of either petitioner proceeding in another court or the Public Administrator commencing a proceeding for letters solely so jurisdiction under subdivision 3 of section 77.01 of the Mental Hygiene Law can arise as a result of an estate pending. The need for such an exercise in palpable waste is clearly contrary to the Legislature’s intent in granting jurisdiction over conservator- *546 ships involved in estate proceedings to the Surrogate’s Courts. Accordingly, it is concluded that the need for the appointment of a conservator so that a conservatee’s right as a distributee to commence the administration of an estate can be asserted is an application entertainable in the Surrogate’s Court within the ambit of subdivision 3 of section 77.01 of the Mental Hygiene Law. In reaching this conclusion, weight is given to the overriding public policy of this State that in husbanding the limited resources available for the administration of justice, it is the intent of the Legislature, as well as of the court system, that each court, and each Judge, exercise as broad jurisdiction as possible so as to expedite to as great an extent as possible the economic completion of all issues that require adjudication.
The appointment of a conservator is necessary. However, at this juncture, petitioner is unable to definitively indicate the extent of the assets that she will receive on behalf of her ward. Accordingly, the letters of conservatorship that shall issue to petitioner upon her duly qualifying according to law shall be limited to the extent that the conservator is authorized to take the steps necessary to commence the administration of the estate in which the conservatee is interested, but she is not authorized to collect any assets as conservator until she shall have submitted to the court a supplemental sworn statement establishing the value of the assets which will come under her jurisdiction in that capacity and the court has fixed an appropriate surety bond. Her authority as administratrix shall be fixed in any proceeding in which she seeks that status.